## Parra contra El Registrador de la Propiedad.

### Solicitud de un *Mandamus:*

1.—Bienes gananciales.—1  Los bienes adquiridos durante el matrimonio por cualquiera de los cónyuges, á título oneroso, mientras no se pruebe que los hubiese adquirido con fondos de su peculio particular, pertenecen á la sociedad conyugal.—2.  Una vez disuelto el matrimonio por fallecimiento de la esposa, y en su consecuencia disuelta la sociedad, es necesario que se liquide ésta para determinar la participación del marido y que se dividan los gananciales, inscribiéndose en el Registro de la Propiedad las respectivas adjudicaciones.—3.  La circunstancia de aparecer inscritos á nombre del esposo los bienes embargados, no autoriza al Registrador de la Propiedad para anotar sobre ellos el embargo, si resultaren ser bienes gananciales de una sociedad conyugal disuelta y no liquidada.
2.—Costas.  Los mandamientos de embargo de bienes inmuebles deben expresar la cantidad que se calcule para costas.

Puerto Rico, Octubre veinte y uno de mil novecientos dos.—Visto el presente recurso gubernativo interpuesto por el Abogado Don Manuel León, á nombre de la sucesión de Don Francisco Parra y Duperón, contra nota denegatoria del Registrador de la Propiedad de Ponce á inscribir un mandamiento de embargo.—Resultando :  Que promovidas en el Tribunal del Distrito de Ponce por la sucesión de Don Francisco Parra diligencias preparatorias de ejecución contra Justino Medina y López, de estado viudo, mayor de edad, agricultor, propietario y vecino de Adjuntas, en cobro de la suma de mil cincuenta y dos pesos setenta y un centavos, moneda provincial, intereses y costas, se decretó por el Tribunal el embargo preventivo de los bienes inmuebles del deudor, que se llevó á efecto en varias fincas rústicas que aparecían inscritas á su nombre en el Registro de la Propiedad de Ponce ; y librado mandamiento para la anotación del referido embargo, en el que se consigna que el deudor es de estado viudo y de las demás condiciones expresadas, la denegó el Registrador según nota puesta al pie del mandamiento que copiada literalmente dice así : " Denegada la anotación preventiva que se ordena en el mandamiento que precede, porque las fincas fueron adqui-

ridas por el demandado, siendo casado y la ejecución se sigue contra Don Justino Antonio Medina, de estado viudo, sin que se haya practicado la liquidación de la sociedad de gananciales; y tomada anotación por ciento veinte días, con arreglo á la Ley de la Asamblea Legislativa de primero de Marzo de mil. novecientos dos, en los folios, libros, números y anotaciones que constan al margen de la descripción de cada finca; conteniendo además el defecto subsanable de no consignarse cantidad alguna para costas."—Resultando: Que contra esta nota ha interpuesto en tiempo el Abogado Don Manuel León, á nombre de la sucesión de Don Francisco Parra, el presente recurso gubernativo para que se revoque la nota denegatoria puesta por el Registrador de la Propiedad de Ponce en el mandamiento de que se trata y se disponga que dicho funcionario anote preventivamente el embargo que se le ordenara por la Corte de Justicia de aquel Distrito en los bienes de Don Justino Medina y López á favor de la sucesión expresada.—Siendo Ponente el Presidente del Tribunal Don José S. Quiñones. —Considerando: Que con arreglo á los artículos 1,401, número 1º, y 1,407 del antiguo Código Civil, que es el aplicable al caso que se ventila, los bienes adquiridos durante el matrimonio por cualquiera de los cónyuges, á título oneroso, mientras no se pruebe que los hubiese adquirido con fondos de su peculio particular, pertenecen á la sociedad conyugal, de la cual es administrador y representante legal el marido, y en cuyo concepto puede enajenarlos y gravarlos é inscribirlos á su nombre en el Registro de la Propiedad; pero una vez disuelto el matrimonio por el fallecimiento de la esposa y en su consecuencia disuelta la sociedad, queda reducida la condición del marido á la de un mero condueño de los bienes del haber social, siendo necesario entonces para determinar su verdadera participación en los bienes de la sociedad conyugal, que se liquide ésta, depurándose convenientemente si existen ó no bienes gananciales y en caso afirmativo que se dividan

entre los partícipes y se inscriban las respectivas adjudi-
caciones en cuanto á los inmuebles, en el Registro de la
Propiedad, á los efectos del artículo 20 y sus concordantes
de la Ley Hipotecaria y del Reglamento dictado para su
ejecución.—Considerando: Que en consonancia con la expre-
sada doctrina, la circunstancia de aparecer inscritos á nombre
de Don Justino Antonio Medina los bienes que le han sido
embargados por la sucesión de Don Francisco Parra y
Duperón, no autoriza al Registrador de la Propiedad de
Ponce para anotar sobre ellos el embargo decretado por
aquel Tribunal de Distrito; pues constando, como consta del
Registro, que esos bienes fueron adquiridos por Medina
á título oneroso, constante su matrimonio con Doña Agueda
Etelvina González y Hernández, deben reputarse como de la
sociedad conyugal establecida por la ley entre ambos esposos;
y acreditado como está por el mismo mandamiento de
embargo que el deudor Medina es en la actualidad de
estado viudo, lo que confirma el fallecimiento de su esposa
Doña Agueda Etelvina González y la consiguiente disolución
de la sociedad conyugal, sin que se acredite por otra parte
en el Registro que se haya procedido á la liquidación
de dicha sociedad y que esos bienes le hayan sido adju-
dicados en todo ó en parte al viudo Don Justino Medina, es
evidente que la inscripción que consta en el Registro de los
bienes embargados al mismo Medina, que no ha sido cance-
lada, y que debe entenderse hecha á favor de la sociedad
conyugal, con arreglo á la jurisprudencia sentada en multitud
de resoluciones de la Dirección General de los Registros,
impide que se anote el embargo sobre esos bienes como
de la propiedad particular del viudo Don Justino Medina,
con estricta sujeción á la regla 1ª del artículo 92 del
Reglamento de la Ley Hipotecaria, según la cual, cuando
los bienes embargados aparecen inscritos en el Registro
á nombre de una persona ó personalidad distinta de aquella
contra la que se ha decretado el embargo, debe el Registrador
denegar la anotación y practicar cuanto la ley y el mismo

Reglamento disponen para las inscripciones que se denieguen por defectos insubsanables.—Considerando : Que debiendo expresar los mandamientos de embargo de bienes inmuebles la cantidad que se calcule para costas, conforme á la regla 6ª del artículo 126 del Reglamento de la Ley Hipotecaria y 10 de la Instrucción para redactar los documentos sujetos al Registro ; y no expresándose aquella circunstancia en el mandamiento de que se trata en el presente recurso, contiene realmente el defecto subsanable que señala en su nota el Registrador de la Propiedad de Ponce.—Vistas las disposiciones legales citadas y las resoluciones de la Dirección General de los Registros de la Propiedad y del Notariado, de diez y siete de Enero de mil ochocientos setenta y siete, veinte de Septiembre de mil·ochocientos ochenta y cuatro, veinte y uno de Febrero de mil ochocientos ochenta y nueve y diez y ocho de Febrero de mil ochocientos noventa y seis.—Se confirma la nota puesta por el Registrador sustituto de Ponce al pie del mandamiento que ha dado origen al presente recurso, y devuélvasele, con copia de la presente resolución, para su conocimiento y el de los interesados y demás efectos consiguientes.—Lo acordaron y firman los señores del Tribunal Supremo, de que certifico.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Louis Sulzbacher. — J. H. McLeary.—Antonio F. Castro, *Secretario*.